United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50739
Conference Calendar

ABAYOMI CHARLES AKOMOLAFE,
also known as Charles Abayomi Akomolafe,

Plaintiff-Appellant,

versus

CORNELL CORRECTIONS CORP.,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:02-CV-122-FM
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Abayomi Charles Akomolafe, federal prisoner #27712-077, has
filed a motion seeking leave to proceed in forma pauperis ("IFP")
on appeal. By moving for IFP, Akomolafe is challenging the
district court's certification that an appeal from the dismissal
of his civil rights complaint was not taken in good faith. See
Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). In his IFP
motion, Akomolafe argues that Cornell Corrections Corporation is
liable for the alleged violations against him. His argument

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

lacks merit because Akomolafe may not bring a <u>Bivens</u>[1] claim against Cornell Corrections Corporation. <u>See</u> <u>Correctional Servs. Corp. v. Malesko</u>, 534 U.S. 61, 63 (2001).

Akomolafe has not shown that he will raise a nonfrivolous issue on appeal or that the district court erred in certifying that his appeal was not taken in good faith. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, the instant motion for leave to proceed IFP on appeal is DENIED, and this appeal is DISMISSED AS FRIVOLOUS. <u>See</u> <u>Baugh</u>, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal for failure to state a claim upon which relief may be granted. <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 385-87 (5th Cir. 1996). We warn Akomolafe that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; STRIKE WARNING ISSUED.

---

[1] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).